**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KRISTENA BINS-TURNER, BACK AND
4th, LLC, and CREATIVE BRICK
BUILDERS, LLC,

        Plaintiffs,

v.                                            Case No. 3:14-cv-769-J-34MCR

BFK FRANCHISE COMPANY, LLC,

        Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Plaintiffs initiated the instant action on July 1, 2014, by filing Plaintiffs' Original Verified Complaint Requesting Declaratory and Injunctive Relief (Doc. 1; Complaint). Upon review of Complaint, the Court is unable to determine whether it has jurisdiction over this action. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction

under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

In this case, Plaintiffs allege that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds the jurisdictional minimum of $75,000.00, and there is diversity among the parties. Complaint ¶ 11.[1] For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. Upon review of the allegations in the Complaint, however, the Court is unable to determine the citizenships Plaintiffs and Defendant.

In the Complaint, Plaintiffs allege that "Plaintiff Kristena Bins-Turner ("Bins-Turner") is an individual residing in Williamson County, Texas[.]" Complaint ¶ 7. To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted). Accordingly, the assertion

---

[1] In addition to diversity of citizenship, Plaintiffs assert that "[t]he Court also has jurisdiction under" the Declaratory Judgment Act, 28 U.S.C. § 2201. See Complaint ¶ 11. "Of course, it is well established that the Declaratory Judgment Act does not, of itself, confer jurisdiction upon federal courts." Stuart Weitzman, LLC v. Microcomputer Res., Inc., 542 F.3d 859, 861-62 (11th Cir. 2008) (citations omitted); see also Fed. Election Comm'n v. Reform Party of United States, 479 F.3d 1302, 1307 n.5 (11th Cir. 2007). "Rather, a suit brought under the Act must state some independent source of jurisdiction." Fed. Election Comm'n, 479 F.3d at 1307 n.5 (citation omitted).

in the Complaint as to Bins-Turner's residence is insufficient to establish her citizenship for diversity purposes. See Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").

Additionally, Plaintiffs allege that Plaintiffs Back and 4th, LLC ("Back and 4th"), and Creative Brick Builders, LLC ("Creative Brick Builders"), are both Texas limited liability companies with their principal place of business at 220 Sundance Pkwy, Suite 300, Round Rock, Texas 78681. Complaint ¶¶ 8, 9. Further, Plaintiffs allege that Defendant BFK Franchise Company, LLC ("BFK"), "is a Nevada limited liability company having its principal place of business at 701 Market St., Suite 113, St. Augustine (St. Johns County), Florida 32095." Id. ¶ 10. For purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004)); see also Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ., 663 F.3d 1304, 1305 (11th Cir. 2011). Therefore, to sufficiently allege the citizenship of a limited liability company, a plaintiff must allege the citizenship of each of the limited liability company's members. See Mallory & Evans, 663 F.3d at 1305; Rolling Greens, 374 F.3d at 1022. Although Plaintiffs have alleged that Bins-Turner "is the sole and managing member of" Back and 4th and Creative Brick Builders, see Complaint ¶ 7, without knowledge of Bins-Turner's citizenship, this allegation is insufficient to disclose Back and 4th's and Creative Brick Builders' citizenships. Additionally, without knowledge of the identity and citizenship of

BFK's members, the Court is unable to determine whether complete diversity exists between Plaintiffs and Defendant. See Underwriters at Lloyd's London v. Osting-Schwinn, 613 F.3d 1079, 1092 (11th Cir. 2010) (remanding case in which party invoking the court's diversity jurisdiction did not disclose the identity and citizenship of each member of an unincorporated entity); see also D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124 (1st Cir. 2011) (requiring plaintiff LLC to identify its members and their respective citizenship); Meyerson v. Showboat Marina Casino Partnership, 312 F.3d 318 (7th Cir. 2002) (instructing district court to remand action to state court where defendant partnership's jurisdictional allegations repeatedly failed to "tell us the identity and citizenship of the partners in the two entities that own [defendant partnership]"). Indeed, without such information, the Court cannot trace BFK's members' citizenship "through however many layers of partners or members there may be." See Meyerson v. Harrah's E. Chi. Casino, 299 F.3d 616, 617 (7th Cir. 2002); see also D.B. Zwirn Special Opportunities Fund, L.P., 661 F.3d at 126-27 ("If even one of Zwirn's members is another unincorporated entity, the citizenship of each of that member's members (or partners, as the case may be) must then be considered."); Zambelli Fireworks Mfg Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010).

Further, upon review of the Complaint, the Court notes that Plaintiffs seek injunctive relief and assert that "irreparable injury" to Plaintiffs "is so imminent that notice and a hearing on an application for preliminary injunction is impracticable if not impossible." Complaint ¶ 93.[2]  In certain circumstances, the Court "may issue a temporary restraining order without

---

[2] However, as summons has been issued (Doc. 2), it appears that Plaintiffs intend to serve Defendant with the Complaint.

written or oral notice to the adverse party or its attorney . . . ." Rule 65(b)(1), Federal Rules of Civil Procedure (Rule(s)).  However, the Court "may issue a preliminary injunction only on notice to the adverse party."  Rule 65(a)(1).  Nevertheless, the Court notes that Plaintiffs have not filed a motion seeking either type of expedited relief.

In the event that Plaintiffs intend to seek entry of either a temporary restraining order or a preliminary injunction in this action, the Court notes that Plaintiffs have failed to comply with the procedural prerequisites for obtaining either form of relief.  As such, the Court takes this opportunity to remind Plaintiffs of some of the requirements set forth in Rule 65, and Rules 4.05 and 4.06, Local Rules, United States District Court, Middle District of Florida (Local Rule(s)), which govern the entry of temporary restraining orders and preliminary injunctions.  As noted supra, Rule 65(a) states that the Court may issue a preliminary injunction only on notice to the opposing party.  See Fed. R. Civ. P 65(a).  Likewise, Local Rule 4.06(a) dictates that notice must be given at least fourteen days in advance of a hearing on the matter.  See Local Rule 4.06(a).  Moreover, Local Rule 4.06(b) requires the party applying for a preliminary injunction to comply with certain procedural requirements set forth in Local Rule 4.05(b), which governs the procedural requirements for temporary restraining orders.  See Local Rule 4.06(b)(1).  For example, a request for injunctive relief must be made by separate, properly titled motion.  See Local Rule 4.05(b)(1).  Additionally, the motion must be accompanied by affidavits or a verified complaint establishing the threat of irreparable injury.  See Local Rule 4.05(b)(2).[3]  Local Rule 4.05(b) also requires that the

---

[3] Plaintiffs have attached to the Complaint a Verification, executed by Bins-Turner. See Complaint at 24.

motion describe precisely the conduct sought to be enjoined, set forth facts on which the Court can reasonably determine the amount of security to be posted, be accompanied by a proposed form of the order, and contain a supporting legal memorandum. See Local Rule 4.05(b)(3). In addition, the legal memorandum in support of the motion must address four specific factors, including the likelihood of success, the threatened irreparable injury, the potential harm to the opposing parties, and the public interest, if any. See Local Rule 4.05(b)(4). Accordingly, to the extent that Plaintiffs intend to seek either a temporary restraining order or preliminary injunctive relief, Plaintiffs should review and comply with all requirements of the Rules and Local Rules of this Court.

Accordingly, it is **ORDERED**:

1. Plaintiffs shall have until **July 21, 2014**, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

2. To the extent that Plaintiffs intend to seek either a temporary restraining order or preliminary injunctive relief, Plaintiffs should review and comply with all requirements of the Federal Rules of Civil Procedure and Local Rules of this Court.

**DONE AND ORDERED** in Jacksonville, Florida on this 7th day of July, 2014

*[Signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc18

Copies:
Counsel of Record